IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

MELVIN STANLEY,

    Petitioner,

v.                                     Civil Action No. 3:11CV744

JAMES STEWART, III, et al.

    Respondents.

**MEMORANDUM OPINION**

Melvin Stanley, a Virginia detainee proceeding pro se, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition"). Respondent[1] moves to dismiss on the ground that the one-year statute of limitations governing federal habeas petitions bars the § 2254 Petition. (Docket No. 11.) Stanley has not responded. The matter is ripe for disposition.

### I. PROCEDURAL HISTORY

#### A. State Proceedings

The Circuit Court for the County of Stafford ("Circuit Court") convicted Stanley on one count of rape on December 21, 2000. Commonwealth v. Stanley, No. CR00000376-00 (Va. Cir. Ct. Dec. 21, 2000). On May 5, 2009, the Circuit Court entered final judgment against Stanley finding him to be a sexually violent

---

[1] Although Stanley names two individuals as Respondents, James Stewart appears to be the only proper Respondent. The Attorney General for the Commonwealth of Virginia filed a response only on behalf of Stewart.

predator pursuant to the Sexually Violent Predators Act, Va. Code Ann. § 37.2-900, et seq. (West 2012). Under the authority of Sections 37.2-908 and 37.2-909 of the Virginia Code, on July 21, 2009, the Circuit Court committed Stanley to the custody of the Commissioner of the Virginia Department of Behavioral Health and Departmental Services ("DBHDS"). Order for Civil Commitment, Commonwealth v. Stanley, No. CL08000506-00 (Va. Cir. Ct. July 21, 2009). Stanley filed neither an appeal nor a petition for a writ of habeas corpus in state court. (Am. § 2254 Pet. 3-5.)

On July 19, 2010, the Court conducted an annual review hearing of Stanley's civil commitment pursuant to Section 37.2-910 of the Virginia Code and ordered Stanley recommitted.[2]

**B. Federal Habeas Petition**

On November 1, 2011, Stanley filed his § 2254 Petition in this Court. (§ 2254 Pet. 8.)[3] In his § 2254 Petition, Stanley contends:

---

[2] Respondent did not provide the recommitment order with his response; however, the Circuit Court scheduled the annual review hearing for July 19, 2010, see Order for Civil Commitment, Commonwealth v. Stanley, No. CL08000506-00 (Va. Cir. Ct. July 21, 2009), and Stanley does not contest that the hearing occurred that day.

[3] The Court deems the § 2254 Petition filed on the date Stanley apparently placed the petition in the prison mailing system. Houston v. Lack, 487 U.S. 266, 276 (1988).

    Claim One:    Section 37.2-900 <u>et</u> <u>seq.</u> of the Virginia Code is an unlawful bill of attainder under Article I, Section 9 and 3 of the U.S. Constitution;[4]

    Claim Two:    Civil commitment violates the Fourteenth Amendment[5] because it is used "to single out one group of citizens ex-sex offenders"; (Am. § 2254 Pet. 7 (capitalization corrected).)

    Claim Three:    Civil commitment violates the Thirteenth Amendment[6] because it amounts to involuntary servitude and class discrimination; and

    Claim Four:    Civil commitment violates the Thirteenth Amendment because it amounts to punitive conditions of confinement.

## II. ANALYSIS

### A. Statute Of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the

---

[4] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. Art. I § 9, cl. 3.

[5] "No State shall . . . deprive any person of life, liberty, or property, without due process of law. . . ." U.S. Const. amend. XIV, § 1.

[6] "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States . . . ." U.S. Const. amend. XIII, § 1.

judgment of a state court.[7]  Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>    **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>    **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>    **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> 2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

---

[7] See Revels v. Sanders, 519 F.3d 734, 740 (8th Cir. 2008) (applying the AEDPA's statute of limitations to the confinement of the civilly committed).

### B. Commencement Of The Statute Of Limitations Under 28 U.S.C. § 2244(d)(1)(A)

Respondent tersely concludes that Stanley only challenges the original civil commitment order, which became final on Thursday, August 20, 2009, when the time to file a notice of appeal with the Circuit Court expired. Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5:9(a) (West 2009).[8] Pursuant to Respondent's reasoning, the limitation period began to run the next day, and 802 days of the limitation period elapsed before Stanley filed his § 2254 Petition on Tuesday, November 1, 2011. See 28 U.S.C. § 2244(d)(2).

In some circumstances, however, a petitioner challenging a court's determination that he is a sexually violent predator has one year from each subsequent determination to file a § 2254 petition. See Ballard v. Cuccinelli, No. 3:10cv524, 2011 WL

---

[8] "No appeal shall be allowed unless, within 30 days after the entry of final judgment or other appealable order or decree . . . counsel for the appellant files with the clerk of the trial court a notice of appeal and at the same time mails or delivers a copy of such notice to all opposing counsel." Va. Sup. Ct. R. 5:9(a).

1827866, at *2 n.5 (E.D. Va. May 12, 2011)[9] (citing Martin v. Bartow, 628 F.3d 871, 876 (7th Cir. 2010)). It is unnecessary to delve into such analysis here, as Stanley's § 2254 Petition is untimely whether measured from Stanley's initial commitment or his recommitment.

The Circuit Court conducted Stanley's annual review and recommitted Stanley on July 19, 2010. Stanley's recommitment judgment became final on Wednesday August 18, 2010, the date upon which the time to appeal expired. See 28 U.S.C. § 2244(d)(1)(A); Va. Sup. Ct. R. 5:9(a). Stanley cites no other hearing or judgment date in his § 2254 Petition. Thus, under any pertinent circumstance, the time to file his § 2254 Petition expired at the latest on August 18, 2011. Stanley failed to file his § 2254 Petition until November 1, 2011. Neither Stanley nor the record suggests circumstances that warrant a belated commencement of the limitations period, see 28 U.S.C. § 2244(d)(1)(B)-(D), or equitable tolling.

Accordingly, Respondent's Motion to Dismiss (Docket No. 11) will be granted. The § 2254 Petition will be denied and the action will be dismissed.

---

[9] The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See Ballard v. Cuccinelli, 449 F. App'x 242, 242 (4th Cir. 2011).

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Stanley is entitled to further consideration in this matter. A certificate of appealability will therefore be denied.

The Clerk of the Court is directed to send a copy of this Memorandum Opinion to Stanley and counsel for Respondent.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 2, 2012